# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carmine DeCamillis
151 Glen Echo Avenue
Swedesboro, NJ

**(b)** County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

### DEFENDANTS
Educational Information and Resource Center
200 College Drive
Blackwood, NJ

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act
Brief description of cause:
Fair Labor Standards Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/12/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ Graham F. Baird

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMINE DECAMILLIS, III | **JURY DEMANDED** |
| Plaintiff, | |
| | Civil Action No. _____ |
| v. | |
| EDUCATIONAL INFORMATION AND RESOURCE CENTER | |
| & | |
| CHARLES M. IVORY | |
| & | |
| MICHAEL PROCOPIO | |

## COMPLAINT

Plaintiff, Carmine De Camillis, by and through his undersigned counsel, hereby files this Complaint against Defendant Educational Information and Resource Center and avers as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Carmine De Camillis (hereinafter "Plaintiff" or "De Camillis"), is an adult individual residing at 151 Glen Echo Avenue, Swedesboro, Gloucester County, New Jersey.

2. Defendant, Educational Information and Resource Center (hereinafter "Defendant" or "EIRC") is a New Jersey limited liability company which has a principal place of business at 200 College Drive, Blackwood, Camden County, New Jersey.

3. Defendant Charles M. Ivory ("Ivory") is an adult individual who, upon information and belief, is currently employed at Camden County Community College, with a principle place of business at 200 College Dr., Blackwood, Camden County, New Jersey.

4. At all times relevant herein, Ivory was an "employer" of Plaintiff within the meaning of the FLSA and New Jersey Wage Laws.

5. Defendant Michael Procopio ("Procopio") is an adult individual who, upon information and belief, is currently employed by Pemberton Township School District, with a principle place of business at One Egbert Street, Pemberton. Burlington County, New Jersey.

6. At all times relevant herein, Procopio was an "employer" of Plaintiff within the meaning of the FLSA and New Jersey Wage Laws.

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the law of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. FACTUAL ALLEGATIONS

9. Defendant EIRC is a public agency specializing in education-related programs and services for parents, schools, communities, nonprofit organizations and privately held businesses throughout New Jersey.

10. Defendant Ivory was the Executive Director of EIRC throughout most of Plaintiff's time as an employee at EIRC and acted directly in the interest of EIRC.

11. Defendant Procopio was the Director of Technology of EIRC throughout Plaintiff's employment with EIRC and acted directly in the interest of EIRC.

12. Defendants are all employers covered by the record-keeping minimum wage, wage payment and overtime pay mandates of the Fair Labor Standards Act (FLSA) and the New Jersey Wage and Hour Law (NJWHL).

13. On or about July 14, 2014, Plaintiff was hired by Defendants to work as an installation technician.

14. Throughout Plaintiff's employment with Defendanst, Plaintiff installed low voltage cabling in schools throughout New Jersey.

15. At all times relevant to this complaint, Plaintiff's base rate of pay was set by Defendants at $18.00 per hour.

16. While employed by Defendants, Plaintiff always worked full work weeks of forty (40) hours per week.

17. While employed by Defendants, Plaintiff always worked in excess of the forty (40) hour work week.

18. Upon information and belief, Defendant Procopio, as Plaintiff's supervisor, set Plaintiff's weekly work schedule, deciding where and when Plaintiff would work.

19. Despite working in excess of forty (40) hours per week, Plaintiff never received overtime pay.

20. Each hour that Plaintiff worked while in Defendant's employee was paid at the rate of $18.00 per hour.

21. Upon information and belief, Defendant Ivory, as the Executive Director of EIRC, determined Plaintiff's base wages and decided not to pay Plaintiff overtime for hours worked in excess of forty (40) hours per week.

22. Throughout Plaintiff's employment with Defendant, Plaintiff did not classify as an "exempt" employee under the FLSA.

## COUNT I
Violation of the Fair Labor Standards Act
(Failure to Pay Overtime Compensation)

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set for herein.

24. At all times relevant herein, Defendants were employers within the meaning of the FLSA.

25. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

26. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

27. Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

28. Defendants failed to pay Plaintiff for hours worked by him in excess of 40 per workweek.

29. Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one and one half time his base rate for each hour worked in excess of forty hours per workweek.

30. Defendants' violations of the FLSA include not paying Plaintiff any overtime pay for overtime hours spent above the forty hours Plaintiff each week.

31. Defendants' conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

32. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## **COUNT II**
Violation of New Jersey Wage Laws
(Failure to Pay Overtime Compensation)

33. Plaintiff incorporates by reference Paragraphs 1 through 32 as if fully set for herein.

34. At all times relevant herein, Defendants were employers within the meaning of the New Jersey Wage Laws.

35. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

36. At all times relevant herein, Plaintiff was employed with Defendants as an employee within the meaning of the New Jersey Wage Laws.

37. Under the New Jersey Wages Laws, an employer must pay a non-exempt employee at least one and one half times his base rate for each hour worked in excess of forty hours per workweek.

38. At all relevant times herein, Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the New Jersey Wage Laws.

39. Defendants' violations of the New Jersey Wage Laws include failing to pay Plaintiff for hours worked by him in excess of 40 per workweek.

40. Defendants' conduct in failing to pay Plaintiff properly was and is willful and was not based upon any reasonable interpretation of the law.

41. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages as set forth herein.

### III. RELIEF REQUESTED

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants and that this Court enter an Order providing that:

A. Defendant are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earning. Plaintiff should be accorded those benefits illegally withheld;

B. Plaintiff is to be awarded liquidated damages as applicable under the Fair Labor Standards Act and New Jersey Wage Laws in an amount equal to the actual damages in this case.

  C. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

  D. Any other further relief this Court deems just proper and equitable.

Date: <u>July 12, 2018</u>  **LAW OFFICES OF ERIC A. SHORE, P.C.**

        BY: <u>s/ Graham F. Baird</u>

        **GRAHAM F. BAIRD, ESQUIRE** (Pa. Id. No. 92692)
        Two Penn Center
        1500 JFK Boulevard, Suite 1240
        Philadelphia, PA 19110
        Tel.: (267) 546-0131
        Fax: (215) 944-6124
        Email: grahamb@ericshore.com
        *Attorney for Plaintiff, Carmine De Camillis*