# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMINE DECAMILLIS, III, | : |
| Plaintiff, | : Civil Action No.: 1:18-cv-11576-NLH-JS |
| v. | : |
| EDUCATIONAL INFORMATION AND RESOURCE CENTER, | : |
| and | : |
| CHARLES M. IVORY, | : |
| and | : |
| MICHAEL PROCOPIO, | : |
| Defendants. | : |

## AMENDED COMPLAINT

Plaintiff, Carmine De Camillis, by and through his undersigned counsel, hereby files this Amended Complaint against Defendants, Educational Information and Resource Center, Charles M. Ivory, and Michael Procopio, and avers as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Carmine De Camillis (hereinafter "Plaintiff" or "De Camillis"), is an adult individual residing at 151 Glen Echo Avenue, Swedesboro, Gloucester County, New Jersey.

2. Plaintiff worked at the now defunct Defendant Educational Information and Resource Center ("EIRC"), a New Jersey limited liability company which had a principal place of business at 200 College Drive, Blackwood, Camden County, New Jersey. While EIRC's Board of Directors dissolved the entity in an meeting on March 29, 2017, upon information and

1

belief, the Board invested Mr. Frank Cavallo of the law firm of Parker McCay as special counsel in a receivership capacity or quasi- or de facto receivership capacity for the purpose of winding up the entity's outstanding final business. Upon further information and belief, EIRC remaining assets—to the extent they exist at all—are administered by Special Counsel Cavallo.

3. At all times relevant herein, EIRC was an "employer" of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA'), 29 USC § 201, *et seq.*

5. Defendant Charles M. Ivory ("Ivory") is an adult individual who, upon information and belief, served as an Executive Director at EIRC during Plaintiff's employment there.

5. At all times relevant herein, Ivory was an "employer" of Plaintiff within the meaning of the FLSA.

6. Defendant Michael Procopio ("Procopio") is an adult individual who, upon information and belief, served the Director of Technology at EIRC during Plaintiff's employment there.

7. At all times relevant herein, Procopio was an "employer" of Plaintiff within the meaning of the FLSA.

8. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under the law of the United States (specifically, 29 USC § 201, *et seq.*).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendants resides in and/or conducted business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

10. Defendant EIRC is a now-defunct public agency specializing in education-related programs and services for parents, schools, communities, nonprofit organizations and privately held businesses throughout New Jersey.

11. Defendant Ivory was the Executive Director of EIRC throughout most of Plaintiff's time as an employee at EIRC and acted directly in the interest of EIRC.

12. Defendant Procopio was the Director of Technology of EIRC throughout Plaintiff's employment with EIRC and acted directly in the interest of EIRC.

13. Defendants are all employers covered by the record-keeping minimum wage, wage payment and overtime pay mandates of the FLSA.

14. On or about July 14, 2014, Plaintiff was hired by Defendants to work as an installation technician.

15. Throughout Plaintiff's employment with Defendants, Plaintiff installed low voltage cabling in schools throughout New Jersey.

16. At all times relevant to this complaint, Plaintiff's base rate of pay was set by Defendants at $18.00 per hour.

17. While employed by Defendants, Plaintiff usually worked full work weeks of forty hours per week.

18. While employed by Defendants, Plaintiff usually worked in excess of forty hour hours per work week.

19. Upon information and belief, Defendant Procopio, as Plaintiff's supervisor, set Plaintiff's weekly work schedule, deciding where and when Plaintiff would work.

20. Despite working in excess of forty hours per week, Plaintiff never received overtime pay.

21. Each hour that Plaintiff worked while in Defendant's employee was paid at the regular rate of $18.00 per hour (which was increased to $18.30 in September 2016).

22. As identified below, Plaintiff worked a significant amount of overtime without proper compensation.

| Invoice/Check # | Date | Hours | Pay | OT |
|---|---|---|---|---|
| 1500109 | 7/17/2014 | 32.25 | $2,884.50 | 16.125 |
| 1500184 | 7/29/2014 | 35 | $1,350.00 | 35 |
| 1500363 | 8/12/2014 | 106.25 | $1,912.50 | 20.25 |
| 1500533 | 8/27/2014 | 168.98 | $3,041.65 | 88.98 |
| 1500635 | 9/9/2014 | 83 | $1,494.00 | 3 |
| 1500980 | 9/29/2014 | 0 | $2,779.56 | 0 |
| 1501317 | 10/29/2014 | 196.46 | $3,536.28 | 116.46 |
| 1501474 | 11/11/2014 | 77.46 | $1,394.28 | 0 |
| 1501612 | 11/26/2014 | 0 | $1,354.14 | 0 |
| 1501685 | 12/9/2014 | 0 | $526.50 | 0 |
| 1501886 | 12/23/2014 | 0 | $1,597.50 | 0 |
| 1502262 | 1/29/2015 | 0 | $2,160.00 | 0 |
| 1502385 | 2/10/2015 | 0 | $884.70 | 0 |
| 1502604 | 2/26/2015 | 0 | $2,062.80 | 0 |
| 1502717 | 3/10/2015 | 0 | $1,399.68 | 0 |
| 1502897 | 3/27/2015 | 0 | $2,540.34 | 0 |

| | | | | |
|---|---|---|---|---|
| 1503010 | 4/14/2015 | 0 | $833.76 | 0 |
| 1600329 | 8/11/2015 | 53.5 | $963.00 | 0 |
| Ck 007285 | 9/30/2015 | 65.33 | $914.83 | 0 |
| | 10/15/2015 | 133.14 | $1,669.39 | 53.14 |
| | 10/30/2015 | 141.3 | $1,758.23 | 61.3 |
| | 11/13/2015 | 101.32 | $1,231.17 | 21.32 |
| | 11/30/2015 | 85.5 | $1,027.64 | 5.5 |
| | 12/15/2015 | 103.67 | $1,258.14 | 23.67 |
| | 12/23/2015 | 99.92 | $1,213.42 | 19.92 |
| | 1/15/2016 | 127.69 | $1,556.77 | 47.69 |
| | 1/29/2016 | 82.92 | $1,033.60 | 2.92 |
| | 2/12/2016 | 76.13 | $943.01 | 0 |
| | 2/29/2016 | 98.41 | $1,234.09 | 18.41 |
| | 3/15/2016 | 40 | $457.01 | 0 |
| | 4/15/2016 | 181.92 | $2,146.48 | 101.92 |
| | 4/30/2016 | 78.92 | $950.55 | 0 |
| | 5/15/2016 | 66.42 | $797.25 | 0 |
| | 5/31/2016 | 64.78 | $777.13 | 0 |
| | 6/15/2016 | 105.49 | $1,259.86 | 25.49 |
| | 6/30/2016 | 114.83 | $1,351.94 | 34.83 |
| | 7/15/2016 | 114.33 | $1,343.90 | 34.33 |
| | 7/26/2016 | 89.92 | $1,079.44 | 9.92 |
| | 8/15/2016 | 94.2 | $1,129.76 | 14.2 |

|   | 8/13/2016 | 131.66 | $1,514.36 | 51.66 |
|---|---|---|---|---|
|   | 9/15/2016 | 111.27 | $1,313.80 | 31.27 |
|   | 9/30/2016[1] | 104.83 | $1,377.19 | 24.83 |
|   | 10/14/2016 | 82.99 | $1,016.23 | 2.99 |
|   | 10/31/2016 | 96.33 | $1,184.64 | 16.33 |
|   | 11/15/2016 | 79.54 | $984.64 | 0 |
|   | 11/30/2016 | 75.38 | $932.20 | 0 |
|   | 12/15/2016 | 57.91 | $711.73 | 0 |
|   | 12/23/2016 | 93.25 | $1,151.88 | 13.25 |
|   | 1/13/2017 | 40 | $480.04 | 0 |
|   | 1/31/2017 | 96 | $1,171.44 | 16 |
|   | 2/15/2017 | 3.5 | $57.89 | 0 |
| Total: |   | 3791.7 |   | 910.705 |

23.     Upon information and belief, Defendant Ivory, as the Executive Director of EIRC, determined Plaintiff's wages and decided not to pay Plaintiff overtime for hours worked in excess of forty hours per week.

24.     Throughout Plaintiff's employment with Defendants, Plaintiff did not classify as an "exempt" employee under the FLSA.

---

[1] On this date, Mr. DeCamillis' hourly rate increased from $18.00 to $18.30

6

## CAUSE OF ACTION FOR VIOLATION OF THE
## FAIR LABOR STANDARDS ACT
### (Failure to Pay Overtime Compensation)

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as if fully set for herein.

26. At all times relevant herein, Defendants were employers within the meaning of the FLSA.

27. At all times relevant herein, Defendants were responsible for paying wages to Plaintiff.

28. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

29. Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the FLSA.

30. Defendants failed to pay Plaintiff for hours worked by him in excess of forty per workweek.

31. Under the FLSA, an employer must pay an employee who is not exempt from the overtime provisions of law at least one and one half time his base rate for each hour worked in excess of forty hours per workweek.

32. Defendants' violations of the FLSA include not paying Plaintiff any overtime pay for overtime hours spent above the forty hours Plaintiff each week.

33. Defendants' conduct in failing to pay Plaintiff was willful and not based upon any reasonable interpretation of the law.

34. As a result of Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendants and that this Court enter an Order providing that:

A. Defendant are to compensate, reimburse, and make Plaintiff whole for any and all pay and benefits he would have received had it not been for Defendants' illegal actions, including but not limited to past lost earning.  Plaintiff should be accorded those benefits illegally withheld;

B. Plaintiff is to be awarded liquidated damages as applicable under the Fair Labor Standards Act and New Jersey Wage Laws in an amount equal to the actual damages in this case.

C. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

D. Any other further relief this Court deems just proper and equitable.


Date: <u>January 10, 2019</u>         **LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:   <u>/s/ Graham F. Baird</u>
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Tel.: (267) 546-0131
Fax: (215) 944-6124
Email: grahamb@ericshore.com
*Attorney for Plaintiff, Carmine De Camillis*

## **CERTIFICATE OF SERVICE**

On January 10, 2019, the undersigned served the foregoing Amended Complaint by First Class Mail upon Counsel for Defendants:

Katherine D. Hartman
Attorneys Hartman
68 E. Main Street
Moorestown, NJ 08057
*Attorney for Defendants*
*Charles M. Ivory and Michael Procopio*


Frank P. Cavollo, Jr.
Parker McCay, P.A.
9000 Midlantic Drive, Suite 300
Mount Laurel, NJ 08054
*Attorney for Defendant*
*Educational Information and Resource Center*

       */s/ Graham F. Baird*
       **GRAHAM F. BAIRD, ESQUIRE**