```
                      UNITED STATES DISTRICT COURT
                          DISTRICT OF NEW JERSEY
```

CARMINE DECAMILLIS, III,

        Plaintiff,

    v.

EDUCATIONAL INFORMATION AND
RESOURCE CENTER, CHARLES M.
IVORY, and MICHAEL PROCOPIO,

        Defendants.

Civil No. 18-11576 (NLH/JS)

**OPINION**

**APPEARANCES:**

GRAHAM FAVILLE BAIRD
LAW OFFICES ERIC A. SHORE, P.C.
TWO PENN CENTER
1500 J.F.K. BOULEVARD
SUITE 1240
PHILADELPHIA, PA 19102

    *Attorney for Carmine DeCamillis, III.*

KATHERINE D. HARTMAN
MARK ALAN GULBRANSON, JR.
ATTORNEYS HARTMAN, CHARTERED
68 E. MAIN STREET
MOORESTOWN, NJ 08057-1590

    *Attorney for Charles M. Ivory.*

**HILLMAN, District Judge**

    This case concerns one claim for violation of the Fair Labors Standards Act ("FLSA") for failure to pay the appropriate overtime rate. Presently before the Court is Defendant Charles M. Ivory's Motion to Dismiss the Amended Complaint ("Motion to Dismiss"). For the reasons stated herein, the Motion to Dismiss

will be denied.

## BACKGROUND

The Court takes its recitation of facts from Plaintiff's Amended Complaint. On July 14, 2014, Plaintiff was hired as an installation technician for the Educational Information and Resource Center ("EIRC"). EIRC, according to Plaintiff, is a "now-defunct public agency specializing in education-related programs and services for parents, schools, communities, nonprofit organizations[,] and privately held businesses throughout New Jersey." (Pl.'s Am. Compl. ¶ 10.) Plaintiff's work consisted of installing low voltage cabling in schools in New Jersey.

It is alleged that Defendant Ivory was the Executive Director of EIRC throughout most of Plaintiff's time there. According to Plaintiff, Defendant Ivory "determined Plaintiff's wages and decided not to pay Plaintiff overtime for hours worked in excess of forty hours per week." (Pl.'s Am. Compl. ¶ 23.) Defendant Michael Procopio is alleged to have been EIRC's Director of Technology. Defendant Procopio set Plaintiff's work schedule, determining when and where Plaintiff would work. Plaintiff usually worked a forty-hour work week and sometimes worked overtime. Until September 2016, his pay was $18.00 per hour. In September 2016, that rate was raised to $18.30 per hour.

Plaintiff provides a chart in his Amended Complaint that appears to include columns for (1) the check number for his paycheck, (2) the date the check was issued, (3) the hours worked, (4) the overtime hours worked, and (5) the amount of the check.[1]  Multiplying the hours worked by the rate of pay reveals the following:

- The first two rows appear to show Plaintiff was overcompensated;
- The next five of six rows, excluding the one that does not list hours worked, appear to show Plaintiff was paid exactly $18.00 per hour, even though it appears he worked some overtime;
- Many of the later rows, excluding those that do not list the hours worked, appear to show that Plaintiff was undercompensated, even assuming a rate of just $18.00 or $18.30 per hour.

Ultimately, while the chart is difficult to understand with certainty, Plaintiff clearly alleges that he (1) worked a significant amount of overtime (based on the Court's reading of the chart that amount is around 900 hours) and (2) never received overtime pay.

Plaintiff alleges Defendant violated the FLSA by not paying

---

[1] Plaintiff does not clarify whether the amounts listed are net or gross pay.

him the appropriate overtime rate for overtime hours.[2] Plaintiff alleges Defendant EIRC was covered by FLSA, that all Defendants were FLSA "employers," that he was a FLSA "employee" and not an "exempt" employee, and that non-payment was willful. Plaintiff requests compensatory relief as well as costs and expenses.

On February 13, 2019, Defendant Ivory filed the present Motion to Dismiss. On March 18, 2019, Plaintiff filed a brief in opposition. On March 26, 2019, Defendant Ivory filed a reply brief. Accordingly, Defendant Ivory's Motion to Dismiss has been fully briefed and is ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### B. Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well

---

[2] In Plaintiff's Complaint, he also asserted Defendants had violated "New Jersey Wage Laws." (Pl.'s Compl. ¶¶ 33-41.) Those claims were removed when Plaintiff filed his Amended Complaint.

4

settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original) (citations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint,

5

exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**C. Motion to Dismiss**

Defendant Ivory presents two arguments as to why the FLSA claim must be dismissed. First, Defendant Ivory argues the chart provided is unintelligible and therefore cannot show that there was a failure to pay overtime. Second, Defendant Ivory argues he cannot be considered a joint employer of Plaintiff.

6

Plaintiff disagrees with both of these contentions.

        a. <u>Whether Plaintiff Sufficiently States a FLSA Overtime Claim</u>

First, the Court will determine whether the allegations in Plaintiff's Amended Complaint, including the chart, may support a FLSA claim for failure to pay overtime. The relevant Third Circuit case is <u>Davis v. Abington Memorial Hospital</u>, 765 F.3d 236 (3d Cir. 2014). There, the Third Circuit described what it would consider as sufficient allegations of a violation of FLSA's overtime provisions:

> [W]e do not hold that a plaintiff must identify the exact dates and times that she worked overtime. For instance, a plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of <u>those</u> forty-hour weeks, would suffice.

<u>Davis</u>, 765 F.3d at 243 (emphasis in original). This is consistent with the Second Circuit "middle-ground approach" that the Third Circuit adopted, which holds "'in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a <u>given</u> workweek <u>as well as</u> some uncompensated time in excess of [forty] hours.'" <u>Id.</u> at 241-42 (quoting <u>Lundy v. Catholic Health Sys. of Long Island Inc.</u>, 711 F.3d 106, 114 (2d Cir. 2013)) (emphasis and alterations in original).

Based on the <u>Davis</u> test, it is clear Plaintiff has

7

sufficiently alleged a FLSA overtime claim.  Plaintiff alleges he "never received overtime pay" and "worked a significant amount of overtime without proper compensation."  (Pl.'s Am. Compl. ¶¶ 20, 22.)  Plaintiff's chart – drawing all inferences in favor of Plaintiff – states enough factual material to assert a plausible claim that Plaintiff worked around 900 hours of overtime between July 2014 and February 2017.  Plaintiff has done more here than alleging he "typically" or "usually" worked in excess of forty hours; Plaintiff has provided to the Court the specific pay periods during which Plaintiff worked overtime and was allegedly not paid at an appropriate overtime rate.

Defendant Ivory's arguments to the contrary are unavailing as they do not take into account the motion to dismiss standard.  Defendant Ivory is correct that the first two rows of the chart – even drawing all reasonable inferences in Plaintiff's favor, and assuming overtime should have been paid - appear to show that Plaintiff was paid more than he was owed.  But, other rows appear to show Plaintiff was paid less than $18.00 (or $18.30) per hour, and certainly less than the required FLSA overtime rate.  The chart is not perfect, but it suffices to show (1) when Plaintiff alleges he worked overtime and (2) that when Plaintiff worked overtime, he was not properly compensated.  The Court will deny Defendant's Motion to Dismiss on these grounds.

> b. <u>Whether Plaintiff Sufficiently States Defendant Ivory is a FLSA Joint Employer</u>

Second, the Court determines whether Plaintiff's Amended Complaint contains sufficient allegations for the Court to find Defendant Ivory may have been a "joint employer." Before doing so, the Court notes a number of statements made in Defendant Ivory's briefing to the Court. Defendant Ivory asserts in his Motion to Dismiss that he (1) only served as Executive director of Defendant EIRC from September 2015 to July 2016; (2) "focused on corporate policy at the development level"; (3) did not manage EIRC staff; (4) was not involved in the division where Plaintiff worked, the Technology Division; (5) did not have the authority to hire or fire Plaintiff, nor controlled Plaintiff's pay; (6) "neither supervised nor in any way controlled Plaintiff's work schedule"; and (7) and "was utterly unaware and uninvolved with any aspect of Plaintiff's employment." (Def.'s Mot. to Dismiss 5-6.) Plaintiff has not stipulated to these assertions and Defendant Ivory does not provide an affidavit or documents in support.

In ruling on a motion to dismiss, a court has "'discretion to address evidence outside the complaint . . . .'" <u>CitiSteel USA, Inc. v. Gen. Elec. Co.</u>, 78 F. App'x. 832, 835 (3d Cir. 2003) (quoting <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 559 (3d Cir. 2002)). But it may only do so in limited

circumstances. A court may, through Rule 12(d), treat a Rule 12(b)(6) or 12(c) motion as a motion for summary judgment whenever matters outside the pleadings are considered. A court may also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id. (quoting PBGC v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Neither of these narrow circumstances has occurred in this matter. The Court will not convert Defendant Ivory's Motion to Dismiss into a motion for summary judgment. Defendant Ivory does not request the Court to do so, and neither party has briefed the issue. It is imprudent for the Court to do so at this juncture. Since these assertions only appear in Defendant Ivory's briefing, the assertions cannot be considered "undisputedly authentic document[s]." While Plaintiff does not directly dispute the veracity of those statements, he does dispute their propriety. The Court agrees: the statements should not and will not be considered within its analysis of Defendant Ivory's Motion to Dismiss. Appropriately, that leaves the Court to consider the parties' arguments in light of the allegations in Plaintiff's Amended Complaint.

By virtue of Defendant Ivory's position, he may be subject to individual liability. "[A] company's owners, officers, or

supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 153 (3d Cir. 2014); see also 29 U.S.C. § 203(d) (defining employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee"). Thus, the Third Circuit has stated a supervisor may be an employer "when the supervisor 'independently exercise[s] control over the work situation.'" Id. (quoting Haybarger v. Lawrence Cty. Adult Prob. & Parole, 667 F.3d 408, 417 (3d Cir. 2012)).

The relevant test – as stated in Haybarger – depends on the economic realities of the situation and requires an examination of "whether the individual supervisor carried out the functions of an employer with respect to the employee." 667 F.3d at 417 (citations omitted). This may include whether the individual had the power to hire or fire, controlled when, where, and in what manner work was to be completed, determined the rate and method of payment, and controlled employment records. Id. at 418 (citing Herman v. RSR Sec. Servs., 172 F.3d 132, 139 (3d Cir. 2012)). The Third Circuit found the following allegations were sufficient to allege two individuals could be subject to individual liability under the FLSA:

> Here, the Amended Complaint alleges that Lamparello and Chapman "made decisions concerning Security Atlantic's and REMN's day-to-day operations, hiring,

>firing, promotions, personnel matters, work schedules, pay policies, and compensation." . . . . When a work or personnel issue arose at Security Atlantic that Thompson's immediate supervisor could not address alone, "the supervisor would consult with, among others, Chapman or Lamparello." . . . . And in June 2010, when Thompson asked Chapman about overtime compensation, he responded that he "did not pay overtime to underwriters."

Thompson, 748 F.3d at 154.

Defendant Ivory argues – excepting those assertions the Court will not consider – that Plaintiff's allegations as to his role are insufficient and conclusory. Plaintiff asserts that because he alleges Defendant Ivory knew he "was not an exempt employee and was not being properly paid for overtime hour[s] he worked" that Plaintiff's Amended Complaint is sufficiently pled. (Pl.'s Opp'n Br. 11.)

Despite their differing positions the parties agree on this: Plaintiff's only allegation concerning Defendant Ivory is that he "determined Plaintiff's wages and decided not to pay Plaintiff overtime for hours worked in excess of forty hours per week." (Pl.'s Am. Compl. ¶ 23.) Drawing all reasonable inferences in favor of Plaintiff, this allegation is sufficient to allow the matter to move past Defendant Ivory's Motion to Dismiss. Indeed, in one matter from this District it was determined that because an individual could fire an employee, the individual could be considered an "employer" at the motion to dismiss stage. Andre v. Trinity Health Corp., No. 18-cv-3183

(RBK/AMD), 2019 U.S. Dist. LEXIS 41402, at *18 (D.N.J. Mar. 14, 2019). The Court finds this matter is sufficiently similar to Andre to allow a finding, at this stage, that Plaintiff has alleged sufficient facts to make out a plausible claim that Defendant Ivory was an "employer." Defendant Ivory is alleged to have controlled the very issue at the heart of this case: whether Plaintiff received appropriate pay for overtime work. Thus, the economic realities test would suggest he may be considered an "employer" and subject to individual liability.

The Court notes, for the record, that Plaintiff's allegations as to Defendant Ivory leave much to be desired. Based on Plaintiff's position at Defendant EIRC and the procedural posture of the case, this is not unexpected as the parties have yet to engage in fulsome discovery. It may very well be that Defendant Ivory's assertions prove true and that the Court will be compelled to dismiss Defendant Ivory from the case on summary judgment. But, at this juncture, the Court cannot say that Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court will deny Defendant Ivory's Motion to Dismiss on this issue as well.

## **CONCLUSION**

For the reasons stated herein, the Court will deny Defendant Ivory's Motion to Dismiss.

An appropriate Order will be entered.

Date: August 2, 2019           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

14