```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARMINE DE CAMILLIS, III | 1:18-cv-11576-NLH-JS |
| Plaintiff, | **OPINION** |
| v. | |
| EDUCATIONAL INFORMATION AND RESOURCE CENTER, CHARLES M IVORY, & MICHAEL PROCOPIO | |
| Defendants. | |

APPEARANCES:

GRAHAM FAVILLE BAIRD
Law Offices Eric A. Shore, P.C.
Two Penn Center
1500 J.F.K. Boulevard
Suite 1240
Philadelphia, PA 19102
    Attorney for the Plaintiff.

**HILLMAN**, **District Judge**

    Plaintiff, Carmine de Camillis, filed his complaint against Defendant Michael Procopio and others on July 12, 2018 for alleged violation of the Fair Labor Standards Act ("FLSA"). On August 21, 2019, Plaintiff requested that the Clerk enter default against Defendant Procopio. The Clerk entered default on August 22, 2019. Plaintiff made a motion for default judgment on February 28, 2020.

    For the reasons stated below, the Court will grant Plaintiff's motion for default judgment.

## BACKGROUND

Plaintiff alleges the following:[1] Plaintiff, Carmine De Camillis, a citizen of New Jersey, worked for Defendant Educational Information and Resource Center ("EIRC") starting in July 2014. EIRC is a limited liability company with its principal place of business in New Jersey. Until its dissolution in March 2017, EIRC served as a public agency specializing in education-related programs and services for parents, schools, communities, nonprofit organizations, and privately held businesses in New Jersey.

Defendant Charles Ivory served as EIRC's Executive Director during most Plaintiff's employment. Defendant Michael Procopio served as EIRC's Director of Technology during Plaintiff's employment.

Plaintiff was hired by Defendants to work as an installation technician in July 2014. As a technician, Plaintiff installed low voltage cabling in schools throughout

---

[1] The Court summarizes the relevant facts from Plaintiff's complaint, its motion for default judgment, and the affidavit filed in support of its motion. See Lurty v. 2001 Towing & Recovery, Inc., 2019 WL 3297473, at *6 (D.N.J. 2019) (explaining that in order to prove a plaintiff's entitlement to default judgment, including damages, the plaintiff, and not simply counsel, must submit to the Court an affidavit to support her claims). As explained below, on a motion for default judgment, every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted. Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

New Jersey.  Plaintiff alleges that when he was hired his base rate of pay was $18.00 per hour.  Plaintiff states that his pay was increased to $18.30 per hour in September 2016.  Plaintiff states he usually worked at least forty-hour work weeks and would often work in excess of forty hours a week.  Plaintiff alleges that this schedule was set by Defendant Procopio.

Despite working in excess of forty hours a week, Plaintiff alleges that he never received overtime pay.  In his Complaint, Plaintiff alleges he worked a significant amount of over time without compensation.  Plaintiff claims he is entitled to his lost earnings in the amount of $5,677.99.  Plaintiff alleges that Defendant Ivory determined Plaintiff's pay and made the decision not to pay over time.  Plaintiff alleges that he was not classified as an exempt employee under the Fair Labor Standards Act ("FLSA").

Plaintiff filed his Complaint on July 12, 2018.  Plaintiff filed his First Amended Complaint ("FAC") on January 10, 2019. The FAC contains a single count of violation of the Fair Labor Standards Act for failure to pay overtime compensation. Defendant Ivory moved to have the FAC dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on February 13, 2019.  This Court denied Defendant Ivory's motion on August 2, 2019.  Defendant Ivory answered and asserted

affirmative defenses on August 22, 2019.  Defendant Ivory was dismissed from the case by stipulation on February 27, 2020.

Plaintiff requested that the Clerk enter default against Defendant Procopio on August 21, 2019.  The clerk entered default against Defendant Procopio on August 22, 2019.  Plaintiff filed a motion for default judgment on February 28, 2020.  This matter has been fully briefed and is ripe for adjudication.

## DISCUSSION

A. Subject Matter Jurisdiction

This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff has raised issues under the Fair Labor Standards Act (FLSA).

B. Default

The first step in obtaining default judgment is the entry of default.  "When a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  In this case, the Clerk entered default against Defendant Procopio on August 22, 2019.

C. Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter default judgment against a properly served defendant who

4

fails to file a timely responsible pleading. Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)). However, a party seeking a default judgment is not entitled to such a judgment as a right. See Franklin v. Nat'l Maritime Union of America, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992). The decision to enter a default judgment is instead "left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

When deciding whether to grant a default judgment, "all well-pleaded allegations in a complaint, except those relating to the amount of damages, are admitted as true following a default." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1146 (3d Cir. 1990). However, the court must still determine "whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Chanel, 558 F.Supp.2d at 535 (citing Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)).

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense,

and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).  If a review of the Complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment.

   D. Analysis

The Court will first address whether Plaintiff has demonstrated that he is entitled to relief under his asserted legal claims.  The Court will then analyze whether the Chamberlin factors indicate that the Court should grant Plaintiff's motion for default judgment.  Finally, the Court will determine the appropriate amount of damages.

      1. Whether Plaintiff has a Legitimate Cause of Action

As stated above, Plaintiff's FAC alleges one count of violation of the Fair Labor Standards Act for failure to pay overtime compensation.  Under the FLSA, employees must be paid one and one half times their "regular rate" of pay for each hour worked in excess of forty hours a week.  29 U.S.C. § 207(a)(1).  In order to state an FLSA overtime claim, a plaintiff must allege "forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." Davis v. Abington Mem'l hosp., 765 F.3d 236, 242 (3d Cir. 2014) (internal citations omitted).

The FLSA also provides for individual liability against employers.  The FLSA defines "employer" as "any person acting directly or indirectly in the interests of an employer in relation to an employee."  29 U.S.C. § 203.  Courts typically employ a broad interpretation of "employer" so as to effectuation "the FLSA's liberal, remedial purposes."  Santiago, 206 WL 6138248, at *2.  Determining whether an individual is an employer depends on control and whether the individual: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of employment; and (4) maintained employment records.  See id. (citing Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)).  These factors, known as the "economic reality test," are meant to encompass the totality of the circumstances.  Herman, 172 F.3d at 139.  As such, no single factor is dispositive.  Id.

In this case, Plaintiff's FAC alleges that he worked in excess of forty hours a week and was not paid one and one half times his regular rate of pay for those additional hours.  Plaintiff has alleged that Defendant Procopio had control over Plaintiff's weekly work schedule, including when and where he would work.  Under the economic reality test, Plaintiff has established that Defendant Procopio was an employer under the

7

FLSA. The Court finds that Plaintiff has stated a legitimate claim against Defendant Procopio.

2. Whether Plaintiff is Entitled to a Default Judgment

a. Prejudice to Plaintiff

Plaintiff will be prejudiced if default judgment is denied. Plaintiff has not yet received payment for his overtime work and will not have another means of obtaining relief.

b. Existence of a Meritorious Defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984). Here, the Court cannot consider Defendant's defenses because Defendant has failed to respond to this action. See Prudential Ins. Co. of America v. Taylor, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [Defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she had any litigable defense."); see also Santiago v. Lucky Lodi Buffet Inc., No. 18-06302, 2016 WL 6138248, at *3 (D.N.J. Oct. 21, 2016).

Defendant does not appear to have a litigable defense, at least on the papers that Plaintiff submitted. Given that Plaintiff's allegations are accepted as true at this stage and

8

that Plaintiff's allegations establish Defendant's liability, there does not appear to be a litigable defense.

   c. Whether Defendant's Delay is the Result of Culpable Conduct

The Third Circuit has explained that "culpable conduct" is conduct that is "taken willfully or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123-24 (3d Cir. 1983). Plaintiff has not provided any record evidence that Defendant's actions were in bad faith. However, Defendant's failure to respond to the complaint was willful in the sense that Defendant accepted service of the complaint and has not participated in this action in any way. See, e.g., Santiago, 2016 WL 6138248, at *3 (finding that "Defendants acted culpably as they have been served with the Complaint and Defendants are not infants, otherwise incompetent, or presently engaged in military service").

Consequently, because the Court has found that Plaintiff shall be prejudiced if default judgment is not granted; Defendant does not have a meritorious defense; and Defendant's failure to respond in this case is the result of its culpable misconduct, the Court shall enter judgment in Plaintiff's favor on his FLSA claim.

9

3. Damages

In support of his motion for default judgment, Plaintiff has submitted a certification by Graham F. Baird Esq. explaining the calculation of Plaintiff's unpaid wages and damages. ECF No. 27-1  Plaintiff has also included copies of his pay statements and his handwritten calculations. ECF No. 27-4.

Plaintiff seeks lost earnings in the amount of $5,677.99. Plaintiff also alleges that under 29 U.S.C. § 216, Plaintiff is entitled to an equal amount of lost wages as liquidated damages.

With regard to attorneys' fees, Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages. 29 U.S.C. §216(b). To determine the reasonableness of an attorneys' fee award in an FLSA action, judicial review is required to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." Brumley v. Camin Cargo Control, Inc., 2012 WL 1019337, at *9 (D.N.J. Mar. 26, 2012). Plaintiff has alleged that he entered into a contingent fee arrangement with his attorney for an additional fee of $5,677.99 at the outset of litigation. Plaintiff alleges that he spent $400 on the filing fee in this matter.

The Court has no reason to question the reasonableness of the amount of attorneys' fees and costs in this case. See

Punter v. Jasmin Intern. Corp., 2014 WL 4854446, at *8 (D.N.J. 2014)($17,685.00 in attorneys' fee reasonable for FLSA settlement totaling $27,620); Cox v. Elite Energy LLC, 2011 WL 4406364, at *6 (D.N.J. 2011)(noting that FLSA claims may involve relatively small monetary awards, and a court "should not reduce a fee award solely on the basis that the attorney's fees are disproportionate to the damage award"); see also Joseph v. Caesar's Entertainment Corp., 2012 WL 12898816, at *2 (D.N.J. July 23, 2012) ("If the parties submit a proposed FLSA settlement and represent that the plaintiff's attorneys' fees was agreed upon separately and without regard to the amount paid to the plaintiff, then the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." (citations and quotations omitted).

Adding together the sums for lost wages, liquidated damages, attorneys' fees, and costs, Plaintiff's damages total $17,433.97.

## CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's motion for entry of judgment by default and calculated the amount of $17,443.97 in damages and costs.  An appropriate Order will follow.

11

Date: September 15, 2020                s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.